IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

UNITED STATES OF AMERICA,

       Plaintiff,

       v.

ROBERT DEWANE LACEY,

       Defendant.
_____

Case. No. 6:16-CR-00096-MC

ORDER

MCSHANE, Judge:

    Defendant Robert Lacey argues the government breached the plea agreement and moves for a one-year reduction to his sentence. ECF No. 51. Because there was no breach of the agreement, Lacey's motion is DENIED.

    The plea agreement called for a global resolution of pending state and federal charges. In return for a guilty plea to the federal charge of possession with intent to distribute methamphetamine, the parties agreed:

> The USAO will move at the time of sentencing to dismiss any remaining counts against defendant. The USAO further agrees not to bring additional charges against defendant in the District of Oregon arising out of this drug investigation, known to the USAO at the time of this agreement. The parties have an agreement with the Fresno County, California, District Attorney's Office regarding defendant's pending cases, including M1292391, F13907684, F13901889 and F13910340. The parties agree that in case no.

1—ORDER

> F13910340, defendant will enter a guilty pela to Count One charging identity theft in violation of Penal Code Section 530.5(a). There will be a joint recommendation of 3 years imprisonment, to run concurrent with the sentence in the instant federal case, and the remaining counts, enhancements, and special allegations will be dismissed. Case Nos M1292391, F13907684, F13901889 will be dismissed, although defendant may be required to pay restitution on all Fresno County cases.

Gov't Resp. Ex.1, 1; ECF No. 27.

Through no fault of the government, it took longer than Lacey anticipated to resolve the state charges following the imposition of his sentence in federal court.[1] As a consequence of the outstanding state charges, the Bureau of Prisons placed a detainer on Lacey. This detainer resulted in Lacey being denied the opportunity to participate in the Residential Drug and Alcohol Treatment Program (RDAP). Without completing the RDAP program, Lacey was ineligible for a one-year sentence reduction granted to those who complete the program requirements. Lacey argues that the delay in resolving the state charges constituted a breach of an implied term of the plea agreement; i.e., that the state charges would be resolved in time for Lacey to take full advantage of the RDAP program.

While I understand Lacey's frustration with the process, and while I understand that he hoped to receive a one-year reduction of his sentence, he fails to demonstrate the government breached the plea agreement. The above quoted language is the only mention of the state charges in Lacey's plea agreement with the government. The plea agreement mentions neither RDAP nor the possibly of a one-year sentence reduction. The agreement explicitly states, "No promises, agreements or conditions other than those set forth in this

---

[1] The delays stemmed from the state public defender refusing to represent Lacey without Lacey being present, and from the state's refusal to writ Lacey from federal prison in Oregon to state court in Fresno. Ultimately this court arranged to have Lacey appear via video in state court to facilitate a resolution.

agreement will be effective unless memorialized in writing and signed by all parties listed below or confirmed on the record before the Court." Ex. 1, 3; ECF No. 27.

While I recommended Lacey for the RDAP program at sentencing, that was merely a recommendation. The BOP has a wide discretion in both determining who is eligible for the program and what is required to obtain a reduction in sentence. 18 U.S.C § 3621(e)(2)(B) (noting prisoner's sentence "may be reduced by the Bureau of Prisons" following completion of RDAP); *see also Bowen v. Hood*, 202 F.3d 1211, 1219 (9th Cir. 2000) ("There can be little doubt that the Bureau has broad discretion in administering the sentence reduction treatment program.") (internal quotations and citation omitted).

Due to this discretion, it is understandable that the government would be unwilling to condition any plea agreement on a defendant's ability to participate in, much less complete, the RDAP program. For similar reasons, it is understandable that the government would not bind itself to the timing of the resolution of the state charges. As stated by the government:

> Indeed, if the timing were a material part of the resolution between the parties, then it needed to have been raised by the defense so that it could be addressed. The reasons for this are obvious; the U.S. Attorney's Office does not control when the Fresno County Circuit Court in California schedules its cases, if they allow appearance by video, or when the District Attorney's office writs a defendant down for an appearance. Similarly, the U.S. Attorney's Office does not control eligibility for the RDAP program or the timing and availability of the program for an eligible inmate. Thus the U.S. Attorney's Office would not, and did not, commit itself to a date by which the Fresno cases would be resolved, nor to Mr. Lacey entering the RDAP program, nor to the extent of his sentence reduction should he complete RDAP. Such conditions are beyond the control of the United States, and were not part of the agreement between the parties.

Gov't Resp. 4.

Although I am confident that the government, like the Court, hoped Lacey would take advantage of the RDAP program, I am equally confident that the government did not make this requirement an implied term of the agreement. As Lacey has not demonstrated the government breached the plea agreement, his motion is DENIED. *United States v. Packwood*, 848 F.2d 1009, 1011 (9th Cir. 1988) (party alleging breach has burden to demonstrate breach by preponderance of the evidence).

IT IS SO ORDERED.

DATED this 13th day of December, 2018.

_____/s/ Michael McShane_____
Michael McShane
United State District Judge